

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

# 17CR 668

UNITED STATES OF AMERICA     ) No.
     )
        v.     ) Violations: Title 18, United
     ) States Code, Sections 1014 and
JEANA WELLS     ) 1344

JUDGE BUCKLO
MAGISTRATE JUDGE COLE

**FILED**

OCT 1 0 2017

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## COUNT ONE

The SPECIAL DECEMBER 2016 GRAND JURY charges:

1.    At times material to this indictment:

a.    Defendant JEANA WELLS was the president of, and a title agent at, Committed Title & Escrow Services, Inc., a title insurance company that conducted real estate closings.

b.    Lenders required mortgage loan applicants to provide truthful information, including truthful information about the source of the borrower's down payment and the distribution of loan proceeds at closing. This information was material to lenders' approval, terms, and funding of loans.

c.    Lenders often sold the mortgage loans to other lenders and institutions ("successors"). Lenders disclosed that the mortgage loans could be sold and the likelihood that the mortgage loans would be sold. The information provided in loan applications and other supporting documents, including information about the source of the borrower's down payment and disbursement of loan proceeds at closing was material to the successors' decision to purchase the mortgage loans.

1

d.     Bank of Ann Arbor and National City Bank were financial institutions, the deposits of which were insured by the Federal Deposit Insurance Corporation, and were lenders that made mortgage loans to finance the purchase of residential properties.

2.     Beginning no later than in or around 2007 and continuing until in or around 2008, in the Northern District of Illinois, Eastern Division, and elsewhere,

JEANA WELLS,

defendant herein, along with others known and unknown to the Grand Jury, knowingly participated in a scheme to defraud financial institutions and lenders and to obtain money and funds owned by and under the custody and control of financial institutions and lenders by means of materially false and fraudulent pretenses, representations, and promises, and concealment of material facts, which scheme is further described below.

3.     It was part of the scheme that defendant JEANA WELLS, along with others, caused to be funded mortgage loans from lenders for the sale of properties, including properties at 500 N. Monticello Avenue, 3422 W. Chicago Avenue, 532 N. St. Louis Avenue, and 6801 S. Union Avenue, all in Chicago, Illinois, by making and causing to be made materially false and fraudulent representations in documents submitted to lenders, including HUD-1 settlement statements, concerning, among other things, the source of the borrower's down payment and the disbursement of the loan proceeds at closing.

4.     It was further part of the scheme that defendant JEANA WELLS prepared and caused to be prepared, and submitted and caused to be submitted to lenders, HUD-1 settlement statements that defendant WELLS knew contained false statements about the disbursement of loan proceeds at closings.

5.     It was further part of the scheme that defendant JEANA WELLS disbursed and caused to be disbursed loan proceeds at closings to individuals and entities, knowing that the disbursements were not disclosed on the HUD-1 settlement statements and concealed from lenders.

6.     It was further part of the scheme that defendant JEANA WELLS did misrepresent, conceal and hide, and caused to be misrepresented, concealed and hidden, the acts done in furtherance of the scheme and the purposes of those acts.

7.     On or about October 10, 2007, in the Northern District of Illinois, Eastern Division, and elsewhere,

JEANA WELLS,

defendant herein, knowingly executed and attempted to execute the scheme to defraud by causing Bank of Ann Arbor, a financial institution, to fund a mortgage loan in the amount of approximately $300,000 for Buyer A's purchase of 500 N. Monticello Avenue, Chicago, Illinois;

In violation of Title 18, United States Code, Section 1344.

## COUNT TWO

The SPECIAL DECEMBER 2016 GRAND JURY further charges:

1.  Paragraphs 1 through 6 of Count One are incorporated here.

2.  On or about January 14, 2008, in the Northern District of Illinois, Eastern Division, and elsewhere,

JEANA WELLS,

defendant herein, knowingly executed and attempted to execute the scheme to defraud by causing National City Bank, a financial institution, to fund a mortgage loan in the amount of approximately $400,000 for Buyer B's purchase of 3422 W. Chicago Avenue, Chicago, Illinois;

In violation of Title 18, United States Code, Section 1344.

## **COUNT THREE**

The SPECIAL DECEMBER 2016 GRAND JURY further charges:

On or about October 10, 2007, in the Northern District of Illinois, Eastern Division, and elsewhere,

### JEANA WELLS,

defendant herein, knowingly made and caused to be made a false statement to a financial institution, namely, Bank of Ann Arbor, for the purpose of influencing the action of Bank of Ann Arbor, upon a mortgage loan for purchase of a property located at 500 N. Monticello Avenue, Chicago, Illinois, in that defendant falsely stated and caused to be stated in a HUD-1 settlement statement dated October 10, 2007, that the total amount due to the seller was approximately $247,763.61, when defendant knew that such statement was false;

In violation of Title 18, United States Code, Section 1014.

## **FORFEITURE ALLEGATION**

The SPECIAL DECEMBER 2016 GRAND JURY further alleges:

1.     Upon conviction of an offense in violation of Title 18, United States Code, Sections 1014 and 1344, as set forth in this indictment, defendant shall forfeit to the United States of America any property which constitutes and is derived from proceeds obtained directly and indirectly as a result of the offense, as provided in Title 18, United States Code, Section 982(a)(2)(A).

2.     The property to be forfeited includes, but is not limited to, a personal money judgment in the amount of at least approximately $1,000,000.

3.     If any of the property described above, as a result of any act or omission by a defendant: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property, as provided in Title 21, United States Code Section 853(p).

A TRUE BILL:

_____
FOREPERSON

_____
ACTING UNITED STATES ATTORNEY

6